**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**FILED**

MAR - 9 2020

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | | |
|---|---|---|
| DEMETRIUS HILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:19-cv-003364 (UNA) |
| | ) | |
| | ) | |
| COUNTER TERRORISM UNIT, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Plaintiff, a federal prisoner designated to FCI Terre Haute, filed his complaint and application to proceed *in forma pauperis* on November 5, 2019. On January 3, 2020, the court issued an order notifying plaintiff that he failed to a certified copy of his trust fund account statement (or institutional equivalent) for a six-month period immediately preceding the filing of this complaint, as required by 28 U.S.C. § 1915(a)(2).

Plaintiff has now filed a response to the court's order. In the response he indicates that he is not filing a *Bivens* action, but instead relies on the Religious Freedom Restoration Act ("RFRA"), and the tenets of habeas corpus, because *Bivens* does not provide relief for violations of the First Amendment. He also states that he is currently in a Special Management Unit, or in solitary confinement and that he does not have the ability to access his ledger sheets. He also requests that the court issue an order to administrative staff at the facility to assist plaintiff in this regard.

First, it is of no consequence at this stage whether plaintiff has brought these claims pursuant to *Bivens* or the RFRA, as both would require compliance with 28 U.S.C. § 1915(a)(2).

1

Plaintiff claims that the RFRA does not require a filing fee, however, he provides no authority to support this contention.  Second, plaintiff brings claims for religious discrimination, seeking injunctive and monetary damages, and thus, the complaint is not a petition for habeas corpus, despite plaintiff's contentions.  The court takes plaintiff at his word that he cannot currently access his trust account statements, however, it is unclear how lengthy this lack of access is expected to continue.  Therefore, the court will provide plaintiff with another extension to comply with 28 U.S.C. § 1915(a)(2).  Plaintiff may use this order in coordinating with the administrative staff at FCI Terre Haute.

Accordingly, it is

**ORDERED** that within **thirty (30) days** from the filing date of this order, plaintiff shall provide his certified trust fund account statement (or institutional equivalent) for a six-month period immediately preceding the filing of this complaint, or state in writing, under penalty of perjury, why he cannot do so and the length of time he expects to be unable to do so.  Failure to comply with this order will result in dismissal of the case without prejudice.

**SO ORDERED.**

DATE: 3/6/20

United States District Judge

2